## EBEL v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10106. Decided October 7, 1929

Messrs. Krueger & Pelton, Cleveland, for Ebel.

Mr. S. O. Hirstius, Cleveland, for City.

SULLIVAN, J.

It is a well settled principle that a reviewing court cannot go outside the record upon a question which is vital and necessary in the determination of the material issue. The purpose of the bill of exceptions is to bring before the reviewing court the matters and things upon which the court acts in order to determine whether the judgment of the lower court was good or bad. In this case, in order to determine the validity of the ordinance or whether its provisions have been complied with, it would be necessary to go outside the record and make up the deficiency of the bill of exceptions by bringing the ordinance by main strength into the case. We think under the authorities that this cannot be done.

**Evans vs City of Wooster, 28 O. C. A.**

The Evans case supra cites **21 Cir. Ct. 761** which was afterwards affirmed by the Supreme Court of Ohio without opinion in the **92 OS. 504** which undoubtedly makes the doctrine here laid down the law in Ohio.

**Grossner vs State, 18 C. C. (NS) 46.**

**Esch vs City of Elyria, 7 C. C. (NS) 9.**

It is our judgment that the bill of exceptions should show what the ordinance is and that the mayor should certify the same so as to bring the matter before this court by way of the bill of exceptions, and we think that in no other way can it properly be brought before a reviewing court.

**Peter Nelson vs Village of Berea, 21 O. C. C. 781.**

Affirmed in **66 OS. 668.**

Turning to Jones on Evidence upon this point we find that he uses language which bears out the authorities cited:

Vol. 1. Sec. 401.

Holding these views it is our unanimous judgment that the motion to dismiss the petition in error and strike the bill of exceptions from the record should be granted and the same is hereby done and an entry may be made on the motion docket and the general docket in accordance with these views.

Vickery, PJ., and Levine, J, concur.